IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CREDIT PLUS, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0443 |
| DELMARVA POWER & LIGHT CO., | * | |
| Defendant | * | |

**MEMORANDUM**

*I. Background*

This lawsuit was filed by Plaintiff Credit Plus, Inc., against Defendant Delmarva Power and Light Company ("DPL"), alleging negligence by DPL that resulted in significant damage to Credit Plus's eleven air-conditioning units. (Compl., ECF No. 1.) DPL answered and asserted as an affirmative defense that Credit Plus's "claim is barred by the terms of the DPL Maryland Electric Tariff, P.S.C. Md. No. 12." (Ans., ECF No. 6.) The Court thereafter entered a standard scheduling order (ECF No. 11), which provided for a deadline of September 18, 2015, for motions for amendment of pleadings. To overcome the problem posed by the affirmative defense, Credit Plus timely filed a motion to amend the complaint (ECF No. 13), which has been briefed (ECF Nos. 14, 15). No hearing is necessary. Local Rule 105.6 (D. Md. 2014). The motion will be denied and the case dismissed for failure to state a claim.

*II. Standard for Motion to Amend*

In the circumstances presented here, when a plaintiff's motion is filed within the deadline that has been set in a scheduling order for filing motions for amendment of pleadings, a motion

for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Because analysis of Plaintiff's motion turns on the standard for a motion to dismiss under Rule 12(b)(6), the Court also includes that standard in this memorandum.

### III. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

*IV. Allegations of the Complaint*

DPL supplies energy and energy infrastructure to Credit Plus's property in Salisbury, Maryland. (Compl. ¶¶ 5, 6.) In 2013, Credit Plus installed on its property a three-phase solar power electrical system designed to permit energy to flow to its property as well as to permit energy to flow from Credit Plus's property back to the "grid" when the solar panels generate a surplus. (*Id.* ¶ 7.) Pursuant to industry standards and local law, DPL disconnected the power lines servicing Credit Plus's property and reconnected them when installation was complete. (*Id.* ¶ 8.) When DPL reconnected the lines, it reversed them so that the power line to bring power to the property was installed to carry energy from the property and the power line to carry energy from the property was installed to bring power to the property. (*Id.* ¶ 9.) The error was not discovered for approximately one hour. (*Id.* ¶ 10.)[1] During this time, the three-phase electrical system ran in reverse and damaged the eleven air-conditioning units serving Credit Plus's property. (*Id.* ¶ 11.) DPL's reversal of the power lines constituted a breach of its duty to Credit Plus. (*Id.* ¶ 18.) Because of DPL's negligence in reversing the power lines, Credit Plus incurred approximately $132,000 in repairs to its air-conditioning units. (*Id.* ¶ 12.)[2]

Credit Plus's proposed amended complaint ("PAC") seeks to add allegations of gross negligence. There, Plaintiff alleges the following:

- "Having disconnected the power lines, [DPL] had actual knowledge of the proper manner to reconnect power." (PAC ¶ 15, ECF No. 13-1.)

---

[1] In the proposed amended complaint, Plaintiff alleges this period of time was approximately three hours. (Prop. Am. Compl. ("PAC") ¶ 10, ECF No. 13-1.)

[2] Plaintiff increases this amount in the proposed amended complaint's prayer for relief to $164,000. (PAC *ad damnum* clause.)

- "[DPL] owed Credit Plus a duty of care to disconnect and reconnect the power lines servicing the Property in a workmanlike manner, in accordance with industry standards and without gross neglect or willful conduct." (PAC ¶ 16.)
- "[DPL] acted willfully, with conscious disregard for information within its possession, to reconnect the power lines incorrectly. Alternately, [DPL's] actions in disregard for the information already in its possession constituted gross neglect." (PAC ¶ 17.)

*V. Analysis*

Although DPL did not supply a copy of the language from the relevant tariff with its opposition to Credit Plus's motion, the Court has found what seems to be it on the Internet. (*See* http://www.delmarva.com/uploadedFiles/wwwdelmarvacom/Content/Page_Content/My_Home/Commercial%20Rate.pdf.) The tariff includes the following provision:

> The Company shall not be liable to Customers, their directors, officers, employees, agents, or contractors, for any loss, cost, damage, expense, or any other liability (all of which shall be considered "Damages") regardless of whether such Damages are considered direct, indirect, incidental, special, consequential, exemplary or punitive Damages or to arise in contract or in tort, or any other cause of action, *except as caused by the gross negligence or willful misconduct* of the Company and only to the extent caused by the Company.

(*Id.*, P.S.C. Md. No. 12 – Electric, Section X.A.1 – Continuity of Service by Company, Company Liability (emphasis added).) Through this language, the State of Maryland has afforded DPL an immunity from liability for damage caused by DPL unless DPL's conduct amounts to gross negligence or willful misconduct. Because Credit Plus's original complaint sounded only in negligence, it has attempted to defeat DPL's immunity under the tariff by adding the above-quoted allegations.

In Maryland case law, negligence is defined as "any conduct, except conduct recklessly disregardful of an interest of others, which falls below the standard established by law for

4

protection of others against unreasonable risk of harm." *Mayor of Baltimore v. Hart*, 910 A.2d 463, 472 (Md. 2006). In contrast, gross negligence is

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.

*Liscombe v. Potomac Edison Co.*, 495 A.2d 838, 846 (Md. 1985), *overruled on other grounds by Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633 (Md. 1992). *See also Cooper v. Rodriguez*, 118 A.3d 829, 845-46 (Md. 2015); *Barbre v. Pope*, 935 A.2d 699, 717-19 (Md. 2007).

Credit Plus's proposed, additional allegations boil down to window dressing for what is fundamentally a negligence claim.[3] It is still the province of the Court to determine if the factual allegations support Plaintiff's claim of gross negligence or willful misconduct, and the Court concludes they are insufficient for this purpose. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 578-79 (4th Cir. 2001) (determining allegations were insufficient to give rise to an inference of gross negligence by state law enforcement officer and to overcome state personnel immunity). *See also Barbre*, 935 A.2d at 717-19 (finding plaintiff's allegations not enough to present viable claim of gross negligence to defeat Maryland state trooper's claim of state personnel immunity). Credit Plus's allegations as to gross negligence and/or willful conduct constitute the kind of "'naked assertion[s]' devoid of 'further factual enhancement'" deemed inadequate to state a plausible claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The immunity afforded under the tariff is similar to that afforded in Maryland law to state personnel. For the same reasons found in the *Young* and *Barbre* opinions, this Court finds Credit

---

[3] By drawing this conclusion, the Court does not mean to denigrate the merit of Credit Plus's complaint about DPL's alleged negligence. But given the hurdle Credit Plus must clear to assert a claim against DPL, the quite plausible allegations of simple negligence are insufficient.

5

Plus has failed to present sufficient allegations for a plausible claim of gross negligence or willful misconduct by DPL when it reversed the power lines, resulting in damage to Credit Plus's air-conditioning units.

## VI. *Conclusion*

Credit Plus's proposed amended complaint is a futile effort to salvage its case against DPL. By separate order, its motion to amend will be denied and the case dismissed.

DATED this 3rd day of November, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge